Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6229 | **DATE** | 5/23/2001 |
| **CASE TITLE** | JANICE GADZINSKI vs. CHRYSLER CORP., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION AND ORDER: Defendant's motion for application of Indiana law is granted. Status hearing set for 6/6/01 at 9:30a.m.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | MAY 29 2001 |
| | Notified counsel by telephone. | MAY 29 2001 |
| ✓ | Docketing to mail notices. | docketing deputy initials |
| | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | |
| TBK | courtroom deputy's initials | FILED FOR DOCKETING 01 MAY 25 PM 12:28 |
| | | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number: 19

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JANICE GADZINSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 00 C 6229 |
| | ) | Paul E. Plunkett, Senior Judge |
| CHRYSLER CORPORATION, n/k/a | ) | |
| DAIMLER-CHRYSLER | ) | |
| CORPORATION, DAIMLER- | ) | |
| CHRYSLER CORPORATION | ) | |
| individually, and THOMAS DODGE OF | ) | |
| HIGHLAND, INC., | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED
MAY 29 2001

## MEMORANDUM OPINION AND ORDER

Janice Gadzinski (plaintiff) has filed a complaint against Thomas Dodge of Highland, Inc.[1] (defendant) alleging strict products liability, negligence and breach of implied warranties. Defendant has filed a motion for application of Indiana substantive law. For the reasons provided in this Memorandum Opinion and Order, defendant's motion is granted.

---

[1] Thomas Dodge of Highland, Inc. is the only remaining defendant.

## Facts[2]

Plaintiff is a resident of Illinois, and defendant is a corporation organized under the laws of Indiana. In 1997, plaintiff purchased a Dodge Ram Van from defendant in Highland, Indiana. In 1998, while driving in Indiana, plaintiff's van was struck by another vehicle. Upon impact, the driver's side door opened and plaintiff was ejected from the vehicle. Prior to the accident, defendant performed services on the vehicle at its place of business in Highland, Indiana. Jurisdiction is based upon diversity.

## Discussion

As stated above, plaintiff has filed a complaint for strict products liability, negligence and breach of implied warranties. Defendant argues that there is a conflicts of law issue because of the difference between Illinois and Indiana's comparative fault laws.[3] In addition, Indiana has a cap on punitive damages, while Illinois does not. Not surprisingly, defendant argues that Indiana law must be applied, while plaintiff contends that Illinois law must be applied.

Federal courts sitting in diversity must look to conflicts-of-law rules of the forum state for applicable substantive law. Juniper Aluminum Corp. V. Home Ins. Co., 225 F.3d 868, 873 (7th Cir. 2000). Illinois is the forum state of this litigation. Illinois choice of law rules dictate that the law

---

[2]These facts were taken from plaintiff's complaint.

[3]We agree with plaintiff that defendant's comparative fault argument carries little weight in light of the theories of liability plaintiff is asserting against defendant. (See Pl.'s Resp. at 4-5.) However, comparative fault issues could arise with regard to compensatory damages. Nonetheless, because punitive damages are treated differently in Illinois and Indiana, a choice-of-law analysis is necessary.

-2-

of the state where the injury occurred shall apply "unless another state has a more significant relationship to the occurrence or to the parties involved." Miller v. Long-Airdox Co., 914 F.2d 976, 978 (7th Cir. 1990).

It is clear that plaintiff's injury occurred in Indiana. Therefore, Indiana law applies unless plaintiff can demonstrate that Illinois has a "more significant relationship to the occurrence or to the parties involved." Id. In order to determine whether Illinois has a "more significant relationship," we must consider the following factors: (1) where the injury occurred; (2) where the injury-causing conduct occurred; (3) the domicile of the parties; and (4) where the relationship of the parties is centered. Esser V. McIntyre, 169 Ill.2d 292, 296, 214 Ill. Dec. 693, 696, 661 N.E.2d 1138, 1141 (1996). Generally, in tort cases, the place where the injury occurred and the place where the injury-causing conduct occurred are the determining factors. Erickson v. Baxter Healthcare, 94 F. Supp. 2d 907, 910 (N.D. Ill. 2000), citing Miller, 914 F.2d at 978. "When the injury occurred in single, clearly ascertainable state and when the conduct which caused the injury also occurred there, that state will usually be the state of the applicable law with respect to most issues involving the tort." Restatement (Second) of Conflicts of law, § 145, Comment e, at 420 (1971).

Upon applying the facts to these legal principles, we find that Indiana substantive law must be applied. The two most important factors, where the injury occurred and the place where the injury-causing conduct occurred, favor applying Indiana substantive law. Plaintiff's vehicle was serviced in Indiana, and the automobile accident occurred in Indiana. The third factor of where the parties are domiciled favors neither party because plaintiff is domiciled in Illinois and defendant is

domiciled in Indiana.[4] Finally, the fourth factor of where the relationship of the parties is centered favors defendant. Plaintiff bought her van and had it serviced by defendant in Indiana. As a result, because the injury occurred in Indiana, and because plaintiff has failed to demonstrate that Illinois has a "more significant relationship to the occurrence or to the parties involved," Indiana substantive law must be applied. Miller, 914 F.2d at 978.

In her response brief, plaintiff argues that the place where she sustained her injuries is irrelevant because she is suing for negligence and breach of implied warranties. (Pl.'s Resp. at 2.) Plaintiff has cited no case law to support this theory, and we have found none. In addition, just one paragraph later, plaintiff asserts: "Since the place of the accident is not relevant, this court should focus on (1) place where the conduct causing the injury occurred." Id. We find ourselves perplexed. If plaintiff means where the accident occurred, she just told us to ignore that. If plaintiff means where the defect was created, she has given us no evidence of where that is, but it seems clear it is not Illinois.

Her argument that defendant's dealership is just a "few miles across the border into Indiana" is also irrelevant and unpersuasive. Id. Contrary to this initial assertion, plaintiff correctly points out later in her brief that "[t]he fact that Thomas is located a few miles across the Illinois/Indiana state line is of no legal significance and should not be determinative on the issue of which state law applies." Id. at 3.

---

[4]In her response brief, plaintiff argues that because defendant is located just thirteen miles from the Indiana/Illinois border, it could be argued that defendant is also domiciled in Illinois. However, according to Illinois law, a corporation is always domiciled in its state of incorporation. Martin v. Central Trust Co. of Illinois, 327 Ill. 622, 634, 159 N.E. 312, 317 (1927).

-4-

Plaintiff's brief goes on to cite several Illinois cases that address <u>forum</u> <u>non</u> <u>conveniens</u> <u>Id.</u> at 3-4. <u>Forum</u> <u>non</u> <u>conveniens</u> and choice of law are not equivalents. In a federal diversity suit, issues of <u>forum</u> <u>non</u> <u>conveniens</u> address <u>where</u> a case should be litigated, while issues of choice of law address <u>what</u> state's substantive law applies to the litigation.

## Conclusion

Because plaintiff's injuries were sustained in Indiana, and because plaintiff has failed to demonstrate that Illinois has a more significant relationship to the occurrence or to the parties involved, we find that Indiana substantive law must be applied. Therefore, defendant's motion for application of Indiana law is granted.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

**DATED:** 5/23/01